# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

SCOTBILT HOMES, INC.,

|  |  |
|---|---|
| Plaintiff | CIVIL ACTION NO.: 5:18-cv-26 |

v.

DEHCO, INC.  and ARMSTRONG
FLOORING, INC.,

Defendants

## RULE 26(f) REPORT

The following parties or their attorneys held a conference pursuant to Federal Rule of Civil Procedure 26(f) and have discussed the case and conferred to prepare the following Rule 26(f) Report for the above-captioned case:

*(Identify, for each party, the counsel or unrepresented parties who attended the Rule 26(f) Conference, the date of the Rule 26(f) Conference, and the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report).*

Mark D. Johnson for Defendants

James L. Roberts, IV for Plaintiff

I.   **INITIAL MATTERS:**

A.  Jurisdiction and Venue:

The defendant(s)

☐ does     ☑ does not

contest jurisdiction and/or venue (For multiple defendants, identify which defendants contest jurisdiction and/or venue).  If contested, such position is because:

1)  Jurisdiction: _____.

2)  Venue: _____.

B.  Immunity:

The defendant(s)

☐ has raised          ☐ will raise          ☑ will not raise

an immunity defense based on _____

_____

_____

_____


C.  Stay of Discovery due to Motion to Dismiss:

If either jurisdiction or venue is being challenged, or if a defense of immunity or some other initial defense will be raised, via a motion to dismiss or otherwise, state whether the parties wish to delay proceeding with the initial phases of discovery until those issues have been decided, and, if so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

N/A
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## II.    SETTLEMENT:

A.  Counsel state:

☑    The parties have not yet taken any efforts to resolve this dispute.

☐    The parties have taken efforts to resolve this dispute, and those efforts generally consisted of:

_____

B.  Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution, and:

☑    The parties are prepared to discuss settlement with the Court at this time.

☐    The parties will not be prepared to discuss settlement until _____.
Explain (include specifically what discovery the parties need in order to discuss settlement):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

### III. INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:

a. <u>Initial Disclosures:</u>

Rule 26(a)(1) disclosures:

☐ have been completed.     ☑ will be completed by April 25, 2018

*Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the Parties' Rule 26(f) Conference. If any party is requesting additional time for providing additional disclosures, please explain why.*

N/A

_____

_____

_____

_____

_____

b. <u>Scheduling Conference:</u>

*As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. The Court prefers that lead counsel and any unrepresented parties attend the Scheduling Conference in person but will allow appearance via telephone upon a showing of good cause. The Scheduling Conference should be held no more than twenty (20) days after the submission of this Report. If any party is requesting that the conference be held outside of this time period, please explain why.*

The parties propose the following dates for a Scheduling Conference:

April 26, 2018, April 27, 2018, April 30, 2018, May 1, 2018, May 2,2018, and May 7, 2018.

_____

_____

## IV.   DISCOVERY

*By Local Rule 26.1(d), all discovery (including the fling of any discovery motions) is to be completed within 140 days of the last answer of the defendants named in the original complaint. If any party proposes any discovery deadline outside of this time period, please state the reason why such time is necessary.* Depositions will need to be conducted of fact witnesses and parties residing in five states, excluding experts. Scheduling and coordinating these depositions will require additional time.

   a.   Fact Based Discovery.

      i.   Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by ___July 5, 2018_____.

      ii.   The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is ___25_____.

      *(If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why.)*

_____

_____

_____

_____

_____

_____

      iii.   Discovery depositions of witnesses who have not been designated as experts, will be completed by _____September 5, 2018_____.

      iv.   The maximum number of depositions (including all expert and non-expert) that may be taken by a party is ___6_____.

      *(If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why.)*

_____N/A_____

_____

    v.    Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of _____

_____,

which by agreement shall be limited as follows:

_____

_____

_____

_____

    vi.    Depositions of all witnesses (whether fact or expert) that are *de ben esse depositions* and taken not for discovery but for testimony to be used at trial will be completed by _____October 5, 2018_____.

b.  Expert Discovery.

    i.    Expert Reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C), shall be served by \_\_\_\_\_August 5, 2018 for Plaintiff's Expert Report; September 5, 2018 for Defendants' Expert Report\_\_\_\_\_

*The parties may agree on separate dates for the plaintiff(s)' and the defendant(s)' expert reports and disclosures.  By Local Rule 26.1(d), plaintiffs must serve expert materials within sixty (60) days of the Rule 26(f) Conference, and defendants must serve such materials by ninety (90) days of the Conference.  If any party is requesting more than this time, please state the reason(s) why such time is necessary.*

_____

_____

_____

_____

    ii.    Discovery depositions of all witnesses who have been designated as experts will be completed by \_\_\_October 5, 2018_____.

    c.   Agreed Discovery Procedures:

        i.   <u>Unique Circumstances.</u>

             Are there any facts or circumstances unique to this case that will make fact discovery more difficult or more time consuming? If so, please explain such

facts and circumstances and the actions the parties have agreed upon to address them:

Depositions will need to be taken at of witnesses residing in at least five states. Scheduling and coordinating depositions in these various states will require additional time to accomodate the schedules of parties, witnesses and counsel.

ii.  Phased Discovery.

Does any party propose that discovery be limited or proceed in phases (discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time)?  If so, please list each party making such a proposal and briefly explain the party's proposal:

N/A

d.  Electronically Stored Information:

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order.  The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

1)  Do the parties anticipate any disagreements about electronic discovery?  If so, please explain:

The parties have not reached an agreement. The parties do not anticipate any out of the ordinary disputes regarding the preservation, disclosure, or discovery of electronically stored information. If any disputes arise, the parties will first attempt to resolve the issue without Court intervention.

2)  Do the parties anticipate that any special provisions are needed in the Scheduling Order in respect to electronic discovery?  If so, please explain:

N/A

3)  Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

N/A

e. Privileged, Protected, and/or Confidential Communications and Information.

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

1) Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? If so, please briefly describe such agreement:

The parties have not reached an agreement. The parties do not anticipate any out of the ordinary disputes regarding the claims of privilege or protection after production of either electronic or other discovery material. If any disputes arise, the parties will first attempt to resolve the issue without Court intervention.

2) Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order? If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below or in an attachment a statement of good cause explaining the need for entry of such an order:

N/A

3) Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement? If so, please explain:

N/A

f.  Protected Health Information.

1)  Do the parties anticipate that this case will involve an individual's medical records and/or protected health information including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

    N/A

2)  Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

    N/A

3)  Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

    N/A

4)  Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order?  If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.   Please include below or in the attachment a statement of good cause explaining the need for entry of such an order:

    N/A

5)  Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement?  If so, please explain:

    N/A

10

## V.    Motion Deadlines

*a.*    Motions to amend the pleadings or to add parties.

*By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer.  If any party is requesting more than this time, please state the reason(s) why such time is necessary.*

_____

_____

_____

    i.    The plaintiff(s)

       ☐ does    ☑ does not

anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by _____.

    ii.    The defendant(s)

       ☐ does    ☑ does not

anticipate need to amend pleadings or add parties (*If there are multiple defendants, and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate*).  Any motions to amend pleadings shall be filed by _____.

b.    Other Motions (Except Motions in Limine).

*If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary.*

_____

_____

_____

All other motions, excluding motions in limine, but including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds, will be filed by _____October 5, 2018_____.

**VI.    Additional Matters**

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Dated:   April 18, 2018

_____
/s/ James L. Roberts, IV

Counsel for Plaintiff(s)

_____
/s/ Mark D. Johnson

Counsel for Defendant(s)